UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NADINE PRINCE, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No. 23-cv-1352 |

**MEMORANDUM OPINION**

Plaintiff Nadine Prince sued the District of Columbia, alleging that its Metropolitan Police Department ("MPD") violated federal and common law when it entered her home pursuant to a search warrant. Defendant moved for judgment on the pleadings, arguing that Plaintiff fails to state a claim. Def.'s Mot. for J on the Pleadings at 3–13, ECF No. 26 ("Def.'s MJP"). For the reasons below, the court will GRANT Defendant's motion.

I. BACKGROUND

On Wednesday, May 25, 2022, MPD officers executed a search warrant Plaintiff's residence. *Compare* Compl. ¶ 4, ECF No. 1 ("Compl.") (alleging that MPD officers did not knock or announce their authority), *with* Pl.'s Opp. to Def.'s Mot. ¶ 4 ("Pl.'s Opp'n"), ECF No. 29 (conceding that MPD officers did knock before entering). Plaintiff claims that she did not hear the officers' knock or announcement, they gave her no time to answer the door, and immediately broke down her door with a battering ram. Compl. ¶ 4; Pl.'s Opp'n ¶ 4. The officers ordered Plaintiff to come downstairs, where she found them handcuffing her twenty-five-year-old son. Compl. ¶ 4. Plaintiff asked to see a warrant, but the officers refused. *Id.* ¶ 5. Plaintiff alleges that

Page **1** of **6**

the officers—who were inside her apartment for about an hour and a half, entered the wrong apartment. *Id.* ¶ 6.

Plaintiff filed this case on May 11, 2023, bringing one claim under 42 U.S.C. § 1983 and five common law claims, including invasion of privacy, destruction of property, trespass, false imprisonment, and negligence. *Id.* ¶¶ 7–28. In its answer, Defendant refers to the search warrant and body-warn camera ("BWC") footage. Answer at 2, ECF No. 16; *see also* Notice of Filing Under Seal at 1, ECF No. 17 ("Notice"). Although Defendant filed a notice that it intended "to place under seal" the BWC footage, it never did so. Notice at 1. Defendant did, however, attach the search warrant and related redacted attachments. Notice of Filing Under Seal at 1–8, ECF No. 27-1 ("Second Notice").[1]

On January 13, 2024, Plaintiff moved for summary judgement. Pl.'s Mot. Summ. J. at 1, ECF No. 21. The court denied the motion, finding that there were disputed issues of material fact. Jan. 22, 2024 Min. Order.

Defendant now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Def.'s MJP at 1–13. It argues that Plaintiff has not properly alleged municipal liability under 42 U.S.C. § 1983, and her other claims are otherwise barred by the fact that MPD had a valid search warrant. *Id.* at 3–13.

---

[1] The search warrant was referenced by both parties in their respective pleadings. Compl. ¶ 5; Def.'s MJP at 8–10; Pl.'s Opp'n at 2–6. Consequently, the court may consider the material in deciding Defendant's motion. *See In re Domestic Airline Travel Antitrust Litig.*, 221 F. Supp. 3d 46, 70 (D.D.C. 2016) ("Incorporation by reference can also amplify pleadings where the document is not attached by the plaintiff, but is 'referred to the complaint and [] integral to [plaintiff's] claim.'") (citation omitted)).

## II. LEGAL STANDARDS

The standard for a Rule 12(c) motion for judgment on the pleadings "essentially mirrors" the standard for a 12(b)(6) motion to dismiss. *Tapp v. Wash. Metro. Area Transit Auth.*, 306 F. Supp. 3d 383, 391 (D.D.C. 2016). "The moving party must show that no material issue of fact remains to be solved and that it is entitled to judgment as a matter of law." *Jud. Watch, Inc. v. U.S. Dep't of Energy*, 888 F. Supp. 2d 189, 191 (D.D.C. 2012) (internal quotation marks and citation omitted). The court presumes the truth of a plaintiff's factual allegations and construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks and citation omitted). Courts are generally "unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner." *Tapp*, 306 F. Supp. 3d at 392 (citing 5C Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1369 (3d ed. 2004)).

## III. ANALYSIS

Defendant first argues that Plaintiff's claim under 42 U.S.C. § 1983 must be dismissed because it cannot be held liable for MPD's actions and Plaintiff otherwise fails to allege facts supporting municipal liability. Def.'s MJP at 6–7. The court agrees.

The District of Columbia may be sued on a 42 U.S.C. § 1983 claim. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *see Act Now to Stop War & End Racism Coal. & Muslim Am. Soc'y Freedom Found. v. D.C.*, 846 F.3d 391, 413 D.C. Cir. 2017 (treating D.C. as a municipality for purposes of Section 1983). But it cannot be liable for MPD's actions under a *respondeat superior* liability theory. *See Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997).

Nevertheless, Plaintiff attempts to hold Defendant vicariously liable for MPD's actions. She alleges that MPD failed to knock and announce before entering her home and damaged her front door. Compl. ¶¶ 4–5. She further alleges—without factual support—that MPD was at the "wrong apartment." *Id.* ¶ 6. Yet, despite being represented by counsel, she did not sue MPD or any of its officers. *Id.* at 1–14. Instead, she alleges that MPD "is under the direction and supervision of [the] District's chief executive, Muriel Bowser," that MPD officers "are employees of the District[,]" and that they were "within the scope of their employment" when they searched Plaintiff's home. *Id.* ¶ 3. But "under § 1983[,] a municipality is liable not under principles of *respondeat superior*, but only for constitutional torts arising from 'action pursuant to official municipal policy.'" *Triplett*, 108 F.3d at 1453 (quoting *Monell*, 436 U.S. at 691).

In order for the District to be liable under Section 1983, Plaintiff would have to allege that it had a "policy or custom" of training MPD officers to unlawfully execute search warrants. *Warren v. D.C.*, 353 F.3d 36, 38 (D.C. Cir. 2004). For example, Plaintiff would have to plead facts to establish that: (1) the District adopted a policy of unlawfully executing search warrants; or (2) a District "policymaker" directed MPD to unlawfully execute such warrants; or (3) the District's search warrant policies "are so consistent that they have become [a] 'custom'" of the municipality; or (4) the District knew or should have known of a risk that officers would unlawfully execute search warrants, but showed "deliberate indifference" to that risk by failing to act. *Baker v. D.C.*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (citations omitted).

Plaintiff alleges no such facts. She only complains about the specific actions of the MPD officers who entered and searched her home. Compl. ¶¶ 4–6. Accordingly, Count I must be dismissed.

Because Count I—the only federal claim—will be dismissed, the court would have to exercise supplemental jurisdiction over Plaintiff's five remaining common law claims in order to hear this case. "[T]he district courts shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy [.]" 28 U.S.C. § 1367(a). However, supplemental jurisdiction "'is a doctrine of discretion, not a plaintiff's right.'" *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). A district court, in its discretion, may choose not to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3); *see also Mead v. City First Bank of D.C., N.A.*, 616 F. Supp. 2d 78, 81 (D.D.C. 2009). In making such a determination, a court must balance considerations of judicial economy, convenience, fairness, and comity. *Shekoyan*, 409 F.3d at 424. "Typically, if all federal law claims have been dismissed, the factors counsel against exercising supplemental jurisdiction." *Trimble v. D.C.*, 779 F. Supp. 2d 54, 60 (D.D.C. 2011); *Ali Shafi v. Palestinian Auth.*, 686 F. Supp. 2d 23, 31 (D.D.C. 2010); *Williams v. Savage*, 569 F. Supp. 2d 99, 113 (D.D.C. 2008).

The court will not exercise supplemental jurisdiction on Plaintiff's common law claims for Count II (invasion of privacy), Count III (destruction of property), Count IV (trespass), Count V (false imprisonment), and Count VI (negligence). Comp. ¶¶ 13–28. Plaintiff does not address any of the factors set forth above. Pl.'s Opp'n at 1–7. And Plaintiff's common law claims would be more appropriately adjudicated by the District of Columbia Superior Court. 28 U.S.C. § 1367(c)(1). The claims are based on District of Columbia law, the proceedings have not advanced past the motion to dismiss stage in this court, and, given that Plaintiff's allegations are based in the District of Columbia, there "seems little difference in convenience for the parties

whether they litigate in D.C. or federal court." *See Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1267 (D.C. Cir. 1995).

### IV. CONCLUSION

For the foregoing reasons, the court will GRANT Defendant's Motion for Judgment on the Pleadings. A corresponding order will follow.

Date: March 26, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge